**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                Case No. 8:12-cr-221-T-24-TGW

ROBERT VAN BOMMEL DUYZINGS
_____/

**ORDER**

This cause comes before the Court on *pro se* Defendant's Motion to Correct Sentence Under Plain Error Review.  (Doc. 195)  The United States filed a response (Doc. 197), and Defendant filed a reply (Doc. 198).

Defendant pleaded guilty to the crime with which he was charged.  In October of 2012, the Court sentenced him to a prison term of 262 months and imposed a fine of $8,500,000.  (Doc. 130)

Defendant now moves the Court to reconsider the fine it imposed, arguing that the fine is a result of plain error, unconstitutionally excessive, and a violation of the Double Jeopardy Clause. In response, the United States argues that Defendant's motion should be denied because the Court lacks jurisdiction under Rule 35(a) of the Federal Rules of Criminal Procedure.  Although the United States also notes the available remedies of a direct appeal and collateral attack, Defendant contends he has no ability to seek those remedies.[1]

---

[1] Defendant does not identify the basis of his motion, *i.e.,* the statute or rule that would permit the Court to correct his sentence.  *See United States v. Frasier*, 516 F. App'x 799, 800 (11th Cir. 2013) ("'[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure,' a district court does not have the authority to correct a sentence[.]") (quoting *United States v. Diaz–Clark,* 292 F.3d 1310, 1315 (11th Cir. 2002))).  Although Defendant asserts that his motion is brought under "plain error review," which is defined in Rule 52(b), this rule does not provide a basis for Defendant's motion. *See United States v. Tubby*, 546 F. App'x 869, 873 (11th Cir. 2013) ("Rule 52(b) simply defines the plain error standard of review and does not provide a vehicle for the district court to modify [the defendant's] sentence.").  However, the Court construes Defendant's motion as a Rule 35 motion.

A sentence to pay a fine may be corrected under Rule 35, s*ee* 8 U.S.C. § 3572(c), which in turn authorizes the Court to correct a clear error in the sentence within 14 days of sentencing, Fed. R. Crim. P. 35(a) (2009).  Here, the 14-day window—a jurisdictional restriction, *see United States v. Morrison,* 204 F.3d 1091, 1093 (11th Cir. 2000)—has closed, leaving the Court without jurisdiction over the relief requested.  Defendant's motion is therefore denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Correct Sentence Under Plain Error Review (Doc. 195) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of November, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies To:
*Pro Se* Defendant
Counsel of Record